IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02820-GPG

CHRISTOPHER EUGENE ZVOLANEK,

    Plaintiff,

v.

STATE OF COLORADO, OFFICE OF ADMINISTRATIVE COURTS,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff Christopher Eugene Zvolanek currently resides in Golden, Colorado. He initiated the instant action by filing *pro se* a Title VII Complaint, ECF No. 1, and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), ECF No. 2. Magistrate Judge Gordon P. Gallagher granted Plaintiff leave to proceed without payment of the filing fee. On December 30, 2015, upon review of the Complaint, Magistrate Judge Gallagher directed Plaintiff to amend the Complaint in compliance with Fed. R. Civ. P. 8, because Plaintiff failed to state short and concise statements under the Claim for Relief section of the Title VII Complaint form. ECF No. at 3.

    Magistrate Judge Gallagher found that Plaintiff, rather than provide a short and concise statement under the Claim for Relief section of the Complaint form, or attach a copy of the charge of discrimination he submitted to the Equal Employment Opportunity Commission, wrote "see attached" in the space provided on the form to assert each of his claims. In the attachments to the Complaint, Plaintiff asserts repetitive claims that are conclusory and vague. However, Magistrate Judge Gallagher found Plaintiff, stated in

1

Exhibit No. 1 that he is asserting his claims pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and the Equal Pay Act (EPA), ECF No. 10-1 at 1.  Magistrate Judge Gallagher also found that Plaintiff appeared to challenge the denial of worker's compensation benefits and claimed retaliation by named Defendants because he had filed a complaint with the U.S. Department of Labor Civil Rights Enforcement Center in Washington D.C.

Specifically, Magistrate Judge Gallagher instructed Plaintiff regarding the deficiencies in his claims as follows.

> First, the Court notes that federal statutes noted by Plaintiff do provide him with a private cause of action against an employer for a termination based on discriminatory motives. See Title VII of the Civil Rights Act of 1964, 42 U.S.C. " 2000e to 2000e-17 (1994) (race, color, sex, national origin, and religion); the Americans with Disabilities Act of 1990, 42 U.S.C. " 12101 to 12213 (1994) (disability); and the Equal Pay Act of 1963, 29 U.S.C. ' 206(d) (1994) (gender). . . .
>
> [T]he Americans with Disabilities Act (as Amended) ("ADA"), 42 U.S.C. § 12112 et seq., prohibits certain employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to . . . discharge of employees."  42 U.S.C. § 12112(a). Disability discrimination includes "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee," unless the required accommodation "would impose an undue hardship" on the business. 42 U.S.C. § 12112(b)(5)(A).  A "qualified individual" is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).
>
> The ADA, however, precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition set forth in 42 U.S.C. § 12111(5)(A).  See Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999). To qualify as an employer, a company must employ at least fifteen individuals.  Id.
>
> Because Plaintiff fails to assert that he is a qualified individual and the employer responsible for the ADA violation is a qualified employer per the statutory definitions stated above, he will be directed to amend the Complaint and assert his ADA claims accordingly with the statute.

Second, a denial by a state agency of Plaintiff's worker's compensation claim is improperly presented to this Court. Federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state=s highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

To review the state court's denial of Plaintiff's worker's compensation claim, with respect to the claims Plaintiff raises in this action, would disrupt or undo a state court judgment. Therefore any federal claim that Plaintiff's civil rights were violated with respect to the denial of a worker's compensation claim is inextricably intertwined with the state court judgment and this Court lacks subject matter jurisdiction.

Third, Plaintiff fails to assert a factual basis for his EPA claim or specifically how he was retaliated against for filing a complaint with the U.S. Department of Labor Civil Rights Enforcement Center. Plaintiff is instructed that to state a claim in federal court he must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's

3

action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Fourth, the only proper defendant in a Title VII action is Plaintiff's employer or former employer. *See Haynes v. Williams*, 88 F.3d 898, 899-901 (10th Cir. 1996) (The employer, or a supervisory employee named as an agent of the employer, is properly named party in a Title VII action.); *McBride v. Gallegos*, No. 02-4216, 72 F. App'x 786, 788 (10th Cir. July 30, 2003) (affirming dismissal of defendant in Title VII action who was not the plaintiff's employer).

Plaintiff also is reminded that he must state in the amended pleading whether he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and if so, whether, and on what date, he received a notice of right to sue letter from the EEOC. Plaintiff should attach relevant documentation demonstrating his exhaustion of administrative remedies, if possible.

ECF No. 6 at 2-7.

The Court must construe Plaintiff's Amended Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Plaintiff has submitted an Amended Title VII Complaint. The named defendant is the State of Colorado Office of Administrative Courts. In the Nature of the Case section of the form, Plaintiff claims Defendant discriminated against him based on his disabilities. Plaintiff also states he was denied reasonable accommodations by the Clerk of the State of Colorado Office of Administrative Court and the Colorado Department of Labor and Employment Division of Worker's Compensation. As Plaintiff did in the original Complaint, rather than state his claims in the Claim for Relief section of the form, Plaintiff has attached fifteen pages of exhibits and refers the Court to these exhibits as a statement of his claims and request for relief. Plaintiff's amended Complaint does not

follow the directives in the Court's December 30, 2015 Order to Amend and comply with Fed. R. Civ. P. 8.

Plaintiff also on February 11, 2016, submitted a pleading titled, "Amendments of Retailation [sic], Discrimination, Complaints and Breached Agreement Order WC-859-506-02 Zvolanek, Christopher Ongoing Issues."  ECF No. 13.  In the pleading, Plaintiff names Blue Canyon Bar and Grill as the defendant, who was named as defendant in the original Title VII Complaint filed on December 28, 2015.  The February 11 pleading is an overview of each of the exhibits he has attached, which are filings and orders from his state worker's compensation proceedings.  If Plaintiff is intending to amend the January 21, 2016 Amended Title VII Complaint, the February 11 pleading is deficient, because "[a]n amended complaint 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.' "  See Hooten v. Ikard Servi Gas, No. 12-2179, 2013 WL 1846840 at *4 (10th Cir. May 3, 2013) (quoting Giles v. United States, 906 F.2d 1386, 1389 (10th Cir. 1990)).  The February 11 Amendment fails to comply with the December 30, 2015 Order to Amend.

Furthermore, even if the Court were to consider the February 11, 2016 Amendment as a supplemental pleading filed pursuant to Fed. R. Civ. P. 15(d), the supplement addresses Plaintiff's worker's compensation proceeding.  Magistrate Judge Gallagher informed Plaintiff in the December 30, 2015 Order to Amend that this Court lacks subject matter jurisdiction to consider his worker's compensation claims.

The Court further finds that, to the extent Plaintiff's state worker's compensation proceedings are not final, which appears to be the case based on the exhibits Plaintiff submitted with his February 11 Amendment, his claims are subject to dismissal pursuant

to the *Younger* abstention doctrine.   *See Younger v. Harris*, 401 U.S. 37 (1971).   The *Younger* doctrine "requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues."   *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982). Plaintiff does not allege specific facts to show that state court proceedings do not offer him an adequate opportunity to litigate any federal constitutional issues.   *See Middlesex Cnty. Ethics Comm.,* 457 U.S. at 431.

The Complaint and action, therefore, will be dismissed for failure to comply with the December 30, 2015 Order to Amend.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.
Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the December 30, 2015 Order, within the time allowed, and for failure to prosecute.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.   It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED March 17, 2016, at Denver, Colorado.

                        BY THE COURT:

                        s/Lewis T. Babcock
                        LEWIS T. BABCOCK, Senior Judge
                        United States District Court